# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 07 B 21749 |
| | ) | Chapter 7 |
| KJK CONSTRUCTION CO., INC., | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAVID E. GROCHOCINSKI, Trustee, | ) | Adversary No. 09 A 00105 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KYLE RIEGER, MELISSA RIEGER, KENT RIEGER, DIANE RIEGER, STEPHANIE CHAN, and KENT D. RIEGER AS TRUSTEE OF THE GALENA FAMILY TRUST DATED NOVEMBER 11, 2005, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| DAVID E. GROCHOCINSKI, Chapter 7 trustee of the bankruptcy estate of KJK Construction Co., Inc., | ) ) ) | Adversary No. 09 A 00106 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENT RIEGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

-2-

These matters come before the Court on the motions for summary judgment pursuant

to Federal Rule of Bankruptcy Procedure 7056, which incorporates by reference Federal Rule

of Civil Procedure 56, filed by Kyle Rieger, Melissa Rieger, Kent Rieger, Diane Rieger,

Stephanie Chan, and Kent D. Rieger, as trustee of the Galena Family Trust dated November

11, 2005 (collectively the "Defendants") and on the motions of David E. Grochocinski, the

Chapter 7 case trustee (the "Trustee") for the estate of KJK Construction Co., Inc. to strike

the Defendants' motions for summary judgment. For the reasons set forth herein, the Court

denies the Defendants' motions for summary judgment. In addition, the Court denies the

Trustee's motions to strike the Defendants' motions for summary judgment. The Defendants

shall file answers to the complaints by or before September 30, 2009. A status hearing in

these adversary proceedings is set for October 9, 2009 at 10:00 a.m.


# I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern

District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(A), (H), (I), and

(O), except for Count VI of the complaint filed in adversary proceeding 09 A 00105. That

count is a claim for an alleged breach of fiduciary duty and does not "arise under" or "arise

in" this case for purposes of 28 U.S.C. § 1334. Count VI is a non-core related matter under

28 U.S.C. § 157(b)(3), and any recovery thereunder may result in a recovery for the

bankruptcy estate.

-3-

## II. FACTS AND BACKGROUND

The following facts are not in dispute. Kent Rieger is an individual who at all relevant times was an officer and director of KJK Construction Co., Inc. ("KJK"). (Tr. 7056-2 statement ¶ b.)[1] Kent Rieger, Jevon Chan ("Chan"), and Kyle Rieger were each one-third shareholders (collectively "KJK Shareholders") in KJK. (Tr. 7056-2 statement ¶¶ c & d.) Kyle Rieger is the son of Kent Rieger, and Chan is the son-in-law of Kent Rieger. (Tr. 7056-2 statement ¶ e.) On or about September 29, 2000, the KJK Shareholders entered into an agreement with Suburban Bank & Trust Company to create a land trust known as Trust No. 74-2911 (the "Land Trust"). (Tr. 7056-2 statement ¶ f; Defendants' Ex. A (the "Land Trust Agreement").) A copy of the Land Trust Agreement was submitted as Exhibit A to the statement/affidavit of Kent Rieger ("Rieger Affidavit") and is found in Defendants' Group Exhibit A. (Tr. 7056-2 statement ¶ i; Defendants' Ex. A .) According to the Agreement, the Land Trust held title to property commonly known as 548 S. Arlington, Elmhurst, Illinois and 435 Berkeley, Elmhurst, Illinois. (Tr. 7056-2 statement ¶ f; Defendants' Ex. A.) Each of the KJK Shareholders owned a one-third beneficial interest in the Land Trust. (Tr. 7056-2 statement ¶ g; Defendants' Ex. A.) KJK was not named as a beneficiary in the Land Trust Agreement. (Defendants' Ex. A.)

The Defendants allege that prior to December 4, 2000, Chan executed an agreement on behalf of the KJK Shareholders to purchase real property, commonly known as 15 Beacon Trail, Galena, Illinois (the "Galena Property"). (Defendants' 7056-1 statement ¶ j;

---

[1] Paragraphs a-w of the Trustee's 7056-2 statements and the Defendants' 7056-1 statements filed in both adversary proceedings 09 A 00105 and 09 A 00106 are identical.

-4-

Defendants' Ex. B (the "Purchase Agreement").)  A copy of the Purchase Agreement is

attached as Exhibit B to the Rieger Affidavit and is found in Defendants' Group Exhibit A.

(Defendants' Ex. B.)  On or about December 4, 2000, the Galena Property was conveyed to

the Land Trust by the seller, Galena State Bank & Trust Company, as trustee.  (Tr. 7056-2

statement ¶ k; Defendants' Ex. C .)  A copy of a deed conveying the Galena Property to the

Land Trust is attached as Exhibit C to the Rieger Affidavit and is found in Defendants'

Group Exhibit A.  (Defendants' Ex. C.)

On May 29, 2003, the Land Trust executed a deed conveying the Galena Property

to the KJK Shareholders. (Compl. ¶ 34;[2] Defendants' 7056-1 statement ¶ o; Defendants' Ex.

E.)  A copy of that deed, recorded with the Recorder of Jo Daviess County on February 18,

2005, as document number 318044, was submitted as Exhibit E to the Rieger Affidavit and

is found in Defendants' Group Exhibit A.  The deed to the KJK Shareholders was not

recorded until February 18, 2005.  (Compl. ¶ 39; Defendants' 7056-1 statement ¶ o;

Defendants' Ex. E.)  In June or July of 2003, the Galena Property was refinanced.  (Compl.

¶ 35; Defendants' 7056-1 statement ¶ m.)  A second refinancing of the Galena Property took

place in February of 2005.  (Compl. ¶ 40; Defendants' 7056-1 statement ¶ p.)  The deed

conveying the Galena Property was recorded at the time of the 2005 refinancing. (Tr. 7056-2

statement ¶ o.)

On or about September 7, 2005, the KJK Shareholders transferred the Galena

Property by quit claim deed to their wives, Diane L. Rieger (Kent), Stephanie Chan (Jevon)

_____

[2] All citations to the complaint refer to the Trustee's complaint filed in adversary
proceeding 09 A 00105.

-5-

and Melissa Rieger (Kyle) (collectively the "KJK Shareholder Wives"). (Tr. 7056-2 statement ¶ s; Defendants' Ex. I.) A copy of the deed is attached as Exhibit I to the Rieger Affidavit and is found in Defendants' Group Exhibit A. (Defendants' Ex. I.) On November 28, 2005, the KJK Shareholder Wives transferred the Galena Property to Kent Rieger as trustee of the Galena Family Trust. (Tr. 7056-2 statement ¶ t; Defendants' Ex. J.) A copy of the deed to the Galena Family Trust is attached as Exhibit J to the Rieger Affidavit and found in Defendants' Group Exhibit A. (Defendants' Ex. J.)

On June 25, 2007, Kent and Diane Rieger filed a petition for relief under Chapter 7 of the Bankruptcy Code (Bankr. No. 07-11298) (the "Rieger Bankruptcy Case"). An order of discharge was entered in the Rieger Bankruptcy Case on October 15, 2007. (Docket No. 49.) The Trustee was not named as a creditor in the Rieger Bankruptcy Case. On November 19, 2007, KJK filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Bankr. No. 07-21749) (the "KJK Bankruptcy Case"). (Docket No. 1.) On its petition, KJK stated that there were no pending bankruptcy cases filed by any affiliate of KJK. (*Id.*) On November 20, 2007, the Trustee was appointed the Chapter 7 trustee in the KJK Bankruptcy Case.

On December 5, 2007, Chan filed a petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the District of Rhode Island (the "Chan Bankruptcy Case"). (Compl. ¶ 19.) An order of discharge was entered in the Chan Bankruptcy Case on March 4, 2008. (*Id.*) The Trustee alleges that he was not listed as a creditor in the Chan Bankruptcy Case, and that Chan stated on his bankruptcy petition that there were no pending bankruptcy cases filed by any of his affiliates. (Compl. ¶¶ 20 & 21.)

-6-

According to the Trustee, Chan is not named as a defendant in the 09 A 00105 adversary

proceeding due to concerns regarding the discharge injunction in the bankruptcy case filed

in Rhode Island. (Compl. ¶¶ 21 & 22.) The Trustee is investigating these issues and may

move to name Chan as an additional defendant in this adversary proceeding and/or file an

objection to the dischargeabilty of the debts alleged in this adversary proceeding in the Chan

Bankruptcy Case under 11 U.S.C. § 523(a)(2), (4), and (6). (*Id.*)

On February 6, 2009, the Trustee filed a six-count complaint (the "KJK Complaint")

against the Defendants seeking to avoid transfers of the Galena Property and for damages for

breach of fiduciary duties by the KJK Shareholders. The Trustee alleges that KJK was the

equitable owner of the Galena Property. Specifically, the Trustee alleges in the KJK

Complaint that KJK included the Galena Property as an asset on its corporate tax returns and

claimed depreciation deductions on the Property (Compl. ¶ 27); KJK included the Galena

Property as an asset in its balance sheet (Compl. ¶ 28); KJK made mortgage payments on the

Galena Property (Compl. ¶ 32); and KJK paid expenditures relating to the maintenance and

upkeep of the Galena Property (Compl. ¶ 33). The Trustee alleges that the Galena Property

was fraudulently transferred from KJK to the KJK Shareholders. The Trustee further alleges

that the KJK Shareholders refinanced the Galena Property on two occasions and embezzled

or converted the proceeds of the refinancing for their own use.

In Counts I and III of the KJK Complaint, the Trustee seeks to avoid the alleged

fraudulent transfers of the Galena Property pursuant to 11 U.S.C. § 544 and 740 ILL. COMP.

STAT.160/1 *et seq.* Counts II, IV, and V of the KJK Complaint request a turnover of the

value of the alleged transfers pursuant to 11 U.S.C. § 550. Count VI alleges that the KJK

-7-

Shareholders breached fiduciary duties to KJK and its creditors in connection with the alleged transfers of the Galena Property. Contemporaneous with the filing of the KJK Complaint, the Trustee filed a complaint in the Rieger Bankruptcy Case (the "Rieger Complaint") objecting to the dischargeabilty of the debts alleged in the KJK Complaint under 11 U.S.C. § 523(a)(4) and (a)(6). The Defendants have not filed an answer to the KJK Complaint or the Rieger Complaint.[3]

On May 1, 2009, the Defendants filed a motion for summary judgment on Counts I-VI of the KJK Complaint. The Defendants argue that KJK never owned any interest in the Galena Property and the alleged fraudulent transfers of the Galena Property never occurred. The Defendants also filed a motion for summary judgment in the Rieger Bankruptcy Case. That motion incorporates the arguments made with respect to the KJK Complaint and further alleges that the Rieger Complaint is untimely under 11 U.S.C. § 523(c) and Federal Rule of

---

[3] Although the time to file an answer has expired, the Trustee has not filed a motion for default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Instead, the Trustee moved to strike the Defendants' motions for summary judgment. Rule 12(a) of the Federal Rules of Civil Procedure provides that the period for filing an answer is extended when a Rule 12 motion is made. FED. R. CIV. P. 12(a). The text of Rule 56 and Rule 12 does not address whether the filing of a summary judgment motion tolls the time to answer. However, some courts and the leading treatise extend the tolling effect of Rule 12(a) to the summary judgment motion by analogy. *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120-21 (10th Cir. 2006); *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993), *aff'd*, 39 F.3d 1188 (9th Cir. 1994); 10A CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2718 (3d ed. 1998) (stating that the tolling provision in Rule 12(a) should, by analogy, apply to a summary judgment motion filed prior to an answer); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 299 (1968) (affirming summary judgment where defendant had never filed an answer in six years of litigation). Thus, the Court will extend the benefit of the Rule 12(a) language tolling the time in which the answers must be filed.

Bankruptcy Procedure 4007. The Trustee filed motions to strike both motions for summary

judgment on the basis that the motions were filed prematurely by the Defendants.

### III.  APPLICABLE STANDARDS

In order to prevail on a motion for summary judgment, the movant must meet the

statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made

applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.  Rule

56(c) reads in part as follows:

> The judgment sought shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact and that
> the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c).  *See also Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1019 (7th

Cir. 2003).

The primary purpose of granting a summary judgment motion is to avoid unnecessary

trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916

F.2d 1140, 1147 (7th Cir. 1990); *Farries v. Stanadyne/Chi. Div.*, 832 F.2d 374, 378 (7th Cir.

1987) (*quoting Wainwright Bank & Trust Co. v. Railroadmens Fed. Savs. & Loan Ass'n of

Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986)).  Where the material facts are not in dispute,

the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR

Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir.

1998).

On a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation omitted). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005); *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining

-10-

if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990).

The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they

are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van*

*Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*,

231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of

informing the . . . court of the basis for its motion, and identifying those portions of the

'pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

fact." *Celotex*, 477 U.S. at 323 (*quoting* FED. R. CIV. P. 56(c)). Once the motion is supported

by a prima facie showing that the moving party is entitled to judgment as a matter of law, a

party opposing the motion may not rest upon the mere allegations or denials in its pleadings;

rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at

248; *Celotex*, 477 U.S. at 323; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901

F.2d 561, 565 (7th Cir. 1990). The manner in which a party can make this showing depends

upon which party will bear the burden of persuasion at trial.

If the burden of persuasion at trial would be on the non-moving party, the party

moving for summary judgment may satisfy Rule 56's burden of production either by

submitting affirmative evidence that negates an essential element of the non-moving party's

claim or by demonstrating that the non-moving party's evidence is insufficient to establish

an essential element of the non-moving party's claim. *See Union Nat'l Bank of Marseilles*

*v. Leigh (In re Leigh)*, 165 B.R. 203, 213 (Bankr. N.D. Ill. 1993). When a defendant moves

for summary judgment, the plaintiff has the obligation to make out its prima facie case.

*Fischer Inv. Capital, Inc. v. Cohen* (*In re Cohen*), 334 B.R. 392, 397 (Bankr. N.D. Ill. 2005).

The failure of the plaintiff to adduce evidence on each element of the claim results in the

entry of summary judgment for the defendant.  *Id.* (*citing Brummett v. Sinclair Broadcast

Group, Inc.*, 414 F.3d 686, 694 (7th Cir. 2005)).

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment

motions, was modeled after LR 56.1 of the Local Rules of the United States District Court

for the Northern District of Illinois.  Hence, the case law construing LR 56.1 and its

predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1.  Pursuant to Local

Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens

on the parties.  Specifically, the Rule requires the moving party to supplement its motion and

supporting memorandum with a statement of undisputed material facts ("7056-1 statement").

The 7056-1 statement "shall consist of short numbered paragraphs, including within each

paragraph specific references to the affidavits, parts of the record, and other supporting

materials relied upon to support the facts set forth in that paragraph.  Failure to submit such

a statement constitutes grounds for denial of the motion."  Local Bankr.R. 7056-1B.  The

Defendants filed a 7056-1 statement that substantially complies with the requirements of

Local Rule 7056.  It contains numbered paragraphs setting out assertedly uncontested facts

with specific reference to parts of the record.  Additionally, the Defendants furnished other

supporting materials relied upon.

-12-

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056-2B. The Trustee filed the requisite 7056-2 statement.

Rule 56(d)[4] provides for the situation when judgment is not rendered upon the whole matter, but only a portion thereof. The relief sought pursuant to subsection (d) is styled

---

[4] Rule 56(d) provides as follows:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

FED. R. CIV. P. 56(d).

-13-

partial summary judgment. Partial summary judgment disposes of one or more counts of a

complaint in their entirety. *Commonwealth Ins. Co. of N.Y. v. O. Henry Tent & Awning Co.*,

266 F.2d 200, 201 (7th Cir. 1959); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216-17 (7th

Cir. 1946); *Quintana v. Byrd*, 669 F. Supp. 849, 850 (N.D. Ill. 1987); *Strandell v. Jackson

County, Ill.*, 648 F. Supp. 126, 136 (S.D. Ill. 1986); *Arado v. Gen. Fire Extinguisher Corp.*,

626 F. Supp. 506, 509 (N.D. Ill. 1985); *Capitol Records, Inc. v. Progress Record Distrib.

Inc.*, 106 F.R.D. 25, 28 (N.D. Ill. 1985); *In re Network 90 Degrees, Inc.*, 98 B.R. 821, 831

(Bankr. N.D. Ill. 1989). Rule 56(d) provides a method whereby a court can narrow issues

and facts for trial after denying in whole or in part a motion properly brought under Rule 56.

*Capitol Records*, 106 F.R.D. at 29.

In the case at bar, the Defendants' motions request summary judgment on Counts I-VI

of the KJK Complaint and Counts I and II of the Rieger Complaint. Alternatively, the

motions seek partial summary judgment as to any claims or issues in these Counts deemed

appropriate pursuant to Rule 56(d).

## IV. <u>DISCUSSION</u>

### A.     The Trustee's Motions to Strike

The Trustee filed motions to strike both of the Defendants' motions for summary

judgment from the record pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

Before addressing the merits of the Defendants' summary judgment motions, the Court will

first resolve the Trustee's motions to strike. The Trustee contends that the Defendants'

summary judgment motions are premature because the Defendants have not yet filed an

-14-

answer to the KJK Complaint or the Rieger Complaint. This position, however, ignores the express language of Rule 56(b). Rule 56(b) governs when a defending party may move for summary judgment. "A party against whom relief is sought may move *at any time*, with or without supporting affidavits, for summary judgment on all or part of the claim." FED. R. CIV. P. 56(b) (emphasis supplied). Rule 56(b) allows a defending party to "seek summary judgment at any time, even in the absence of discovery." *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 181 (N.D. Ill. 2006) (*citing S. Austin Coalition Cmty. Council v. SBC Commc'ns Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001)); *see also Jacobs v. City of Chi.*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring). "Courts and commentators have acknowledged that no answer need be filed before a defendant's motion for summary judgment may be entertained." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 404 (6th Cir. 1987); *see also Marquez*, 463 F.3d at 1120 (*citing INVST Fin.*); *HS Res., Inc., v. Wingate*, 327 F.3d 432, 440 (5th Cir. 2003); *Ross v. Cowan*, No. 03-CV-141-WDS-DGW, 2005 WL 2388269, at *1 (S.D. Ill. Sept. 28, 2005).

In view of the language of Rule 56(b), the Court finds that the filing of an answer is not a prerequisite to the consideration of a motion for summary judgment. The Defendants' motions for summary judgment were timely under Rule 56(b). Moreover, motions to strike are not generally favored, *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991), because they often serve only to delay, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Therefore, the Court denies the Trustee's motions to strike the Defendants' motions for summary judgment.

-15-

## B.     The Defendants' Motions for Summary Judgment

Although a motion for summary judgment made before an answer is filed may not

be denied simply on the ground that it is premature, the Defendants must also satisfy their

burden under Rule 56(c) to demonstrate the absence of a genuine issue of material fact. *See*

*Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86. In

consideration of the general caution that summary judgment should not be granted if there

is an issue presented as to any material fact, if the motion is made before an answer is filed,

"courts are reluctant to grant summary judgment unless it is very clear that an answer will

not raise any significant issues of fact." *Tapper v. Herbst (In re Herbst)*, 76 B.R. 882, 885

(Bankr. D. Mass. 1987) (*citing Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277,

280 (D. Neb. 1951)); *see also CBS Interactive Inc. v. Nat'l Football League Players Ass'n,*

*Inc.*, No. 08-5097 ADM/SRN, 2009 WL 1151982, at *18 (D. Minn. Apr. 28, 2009)

(observing that courts have discretion to determine if material issues of fact exist due to

defendant's failure to file an answer); *Matini v. Reliance Standard Life Ins. Co.*, No.

1:05CV944(JCC), 2005 WL 2739030, at *2 (E.D. Va. Oct. 24, 2005) (noting that when a

motion for summary judgment is made before an answer is filed, "courts have approached

such motions with extreme caution"); *First Am. Bank, N.A. v. Unity Equity Corp.*, 89 F.R.D.

81, 87 (D.D.C. 1981) (deferring decision on a summary judgment motion when defendants

had not yet filed an answer "or oppositions of a substantive nature"). In *Stuart*, the court

stated that a motion for summary judgment should not be granted "before the service of an

answer, unless . . . it appears to a certainty that no answer which the adverse party might

properly serve could present a genuine issue of fact." 11 F.R.D. at 280; *see also Lehew v.*

-16-

*Larsen*, 124 So.2d 872, 874 (Fla. Dist. Ct. App. 1960) (finding that summary judgment should not be granted where "the record before the trial court contains data or statements indicating the possibility that a material issue may be presented by an answer").

This Court cannot determine with certainty that the present record is sufficient to permit entry of summary judgment in these matters. The Defendants' motions for summary judgment do not address all of the allegations in the KJK Complaint and the Rieger Complaint. The Defendants have not surrendered all of KJK's check registers, bank records, and financial statements requested by the Trustee. Furthermore, the limited evidence in the record demonstrates there are genuine issues of fact concerning the true ownership of the Galena Property and whether any improper transfers of the Property occurred.

## 1.    The KJK Complaint

The primary basis for the Defendants' motion for summary judgment on all counts of the KJK Complaint is that the Galena Property was never owned by KJK because it was never titled in KJK's name and KJK was not named as a beneficiary of the Land Trust. Therefore, the Defendants argue that KJK could not have transferred the Galena Property to the KJK Shareholders. In support of this argument, the Defendants have submitted the Rieger Affidavit wherein Kent Rieger states that KJK never held title or had any interest in the Galena Property or the Land Trust. (Rieger Affidavit ¶¶ 9 & 22.) The Trustee argues that Rieger's testimony on this issue raises questions of reasonable credibility because Rieger's interests are in conflict with KJK's interests in this case. "[F]or the purposes of a motion for summary judgment, . . . a court should not resolve conflicts or questions of credibility 'unless the opponent's evidence is too incredible to be believed by reasonable

-17-

minds.'" *Am. Pfauter, Ltd. v. Freeman Decorating Co./Freeman Co.*, 796 F. Supp. 347, 349

(N.D. Ill. 1992) (*quoting Baltz v. Shelley*, 661 F. Supp.169, 179 (N.D. Ill. 1987)).  While the

Rieger Affidavit is not inherently incredible, Rieger has not been deposed in this adversary

proceeding.  The Trustee has challenged the credibility of Rieger's testimony and the Court's

assessment of the credibility of witness testimony is improper at the summary judgment

stage.  *See Payne*, 337 F.3d at 771 (noting that on a motion for summary judgment the court

cannot weigh conflicting evidence or decide which version of the facts is more credible).

The Defendants have also submitted a copy of the Land Trust Agreement naming the

KJK Shareholders as beneficiaries (Defendants' Ex. A), the deed conveying the Galena

Property to the Land Trust (Defendants' Ex. C), the Purchase Agreement (Defendants' Ex.

B), the deed conveying the Galena Property from the KJK Shareholders to the KJK

Shareholder Wives (Defendants' Ex. I), and the deed conveying the Galena Property from

the Shareholder Wives to the Galena Family Trust (Defendants' Ex. J).  The Defendants

argue that because KJK never held title to the Galena Property it could not have transferred

the Property to the KJK Shareholders.  The Defendants, however, do not dispute the fact that

title to property in the name of a certain party does not prove ownership.  *In re Kaiser*, 791

F.2d 73, 77 (7th Cir. 1986); *see also Cmty. Mental Health Council, Inc., v. Dept. of Revenue*,

541 N.E.2d 1330, 1334 (Ill. App. Ct. 1989) ("[I]t is well settled that [Illinois] courts look

beyond the mere holder of title to determine ownership. . . .").  The Trustee admits that KJK

was not named as a beneficiary of the Land Trust, but argues that KJK was the equitable

owner of the Galena Property.  The Trustee further argues that even if KJK is not the actual

-18-

owner of the Galena Property, the alter ego doctrine[5] may apply and the Trustee may "pierce the corporate veil" to reach the assets of the KJK Shareholders.

Under Illinois law, if a corporate shareholder has misrepresented his personal assets as corporate assets, a bankruptcy trustee can bring an alter ego claim. *Koch*, 831 F.2d at 1346. The Illinois Supreme Court has recognized that a corporate entity will be disregarded, and its veil of limited liability pierced, when two requirements are met: (1) there must be such a unity of interest and ownership that the separate personalities of the corporation and individual no longer exist; and (2) adherence to the fiction of separate corporate existence would sanction a fraud or promote an injustice. *Main Bank of Chi. v. Baker*, 427 N.E.2d 94, 101 (Ill. 1981); *see also Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 736 (7th Cir. 2004); *Sea-Land Servs., Inc. v. Pepper Source*, 941 F.2d 519, 520 (7th Cir. 1991) (*citing Baker*); *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985) (same). The determination of whether to disregard the corporate entity is a

---

[5] The Seventh Circuit has described the alter ego doctrine as follows:

> The alter ego doctrine is used in certain situations to displace the basic principle of the law of corporations that a corporation and its shareholders are separate legal entities with limited liabilities. When certain state-governed requirements are met, the alter ego theory allows the legal distinction between a corporation and its shareholders, directors and officers to be disregarded or set aside in order to reach the assets of those individuals "behind the corporation." The general reason for allowing the corporation's "veil to be pierced," for recognizing that the corporation is a "fictitious entity" which is simply a business conduit of another entity, and for holding its shareholders personally liable is usually an equitable one: There is a need to secure a just determination.

*Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1344 (7th Cir. 1987).

-19-

question of fact that depends upon the circumstances of each case. *Lumpkin v. Envirodyne Indus., Inc.*, 933 F.2d 449, 463 (7th Cir. 1991).

      **a.**    **The Trustee's Evidence Submitted in Support of the 7056-2 Statement is Admissible**

       The Trustee alleges in the KJK Complaint that KJK included the Galena Property as an asset on its corporate tax returns and claimed depreciation deductions on the Property (Compl. ¶ 27); KJK made mortgage payments on the Galena Property (Compl. ¶ 32); and KJK paid expenditures relating to the maintenance and upkeep of the Galena Property (Compl. ¶ 33). There has been no answer to these allegations and the Defendants' motion for summary judgment fails to address them. In his 7056-2 statement, the Trustee specifically alleges that KJK listed the Galena Property in Schedule 4562 to its corporate income tax returns (Tr. 7056-2 statement ¶ 2, Tr. Ex. B); the Land Trust held title to properties developed by KJK (Tr. 7056-2 statement ¶ 1, Tr. Ex. A); properties titled in the name of the Land Trust were included as assets on KJK's balance sheet and tax returns (Tr. 7056-2 statement ¶¶ 2 & 6; Tr. Exs. B & F); KJK procured loans to develop properties held by the Land Trust (Tr. 7056-2 statement ¶¶ 3 & 4; Tr. Exs. C & D); KJK used corporate checks to pay expenses of the Galena Property (Tr. 7056-2 statement ¶ 7; Tr. Ex. G); and KJK described the Galena Property as "our property" in correspondence with the Land Trust (Tr. 7056-2 statement ¶ 5; Tr. Ex. E).[6] The Defendants, rather than respond substantively to these specific allegations, instead argue that the supporting exhibits submitted by the Trustee

---

      [6] According to the Trustee, all of these exhibits were either produced to the Trustee by KJK or produced to Peter Flooring, Inc. in *Peter Flooring, Inc. v. KJK Construction Company, Inc.* in a civil action (2005 MI 179958) in the Circuit Court of Cook County, Illinois. (Tr. 7056-2 statement ¶ 2 n.1.)

-20-

are inadmissable under Rule 56(e) of the Federal Rules of Civil Procedure and Rule 802 of

the Federal Rules of Evidence, and they lack a proper foundation or have not been

authenticated. The Defendants have not filed a motion to strike these exhibits or portions

thereof from the record pursuant to Rule 56(e), and instead ask this Court to find that the

Trustee has failed to comply with Local Rule 7056-2A(2)(a) by referring to these exhibits

to support his 7056-2 statement.

### i.           Federal Rule of Civil Procedure 56(e)

Rule 56(e) governs affidavits accompanying motions for summary judgment, and a

party can move to strike portions of an affidavit that do not comply with the Rule. *See* FED.

R. CIV. P. 56(e); *Jewell-Rung Agency v. Haddad Org., Ltd.*, 814 F. Supp. 337, 339 (S.D.N.Y.

1993). Rule 56(e) provides, in pertinent part, as follows: "[a] supporting or opposing

affidavit must be made on personal knowledge . . . and show that the affiant is competent to

testify on the matters stated." FED. R. CIV. P. 56(e). "It is the [affiant's] personal knowledge,

and not his beliefs, opinions, rumors or speculation, that [is] admissible at trial and the

proper subject of any affidavit." *Ricks v. Xerox Corp.*, 877 F. Supp. 1468, 1470 n.1 (D. Kan.

1995), *aff'd* 96 F.3d 1453 (10th Cir. 1996). When addressing the sufficiency of such

affidavits, the Seventh Circuit has held that "[e]vidence presented to defeat a summary

judgment motion need not be in admissible form, but it must be admissible in content."

*Juarez v. Menard, Inc.*, 366 F.3d 479, 484 n.4 (7th Cir. 2004). A district court has "great

discretion" in determining the proper application of Rule 56(e). *Maldonado v. U.S. Bank*,

186 F.3d 759, 769 (7th Cir. 1999).

-21-

### ii.  Federal Rule of Evidence 802

Rule 802 of the Federal Rules of Evidence precludes the admission of hearsay evidence. FED. R. EVID. 802. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c); *United States v. Allen*, 269 F.3d 842, 847 (7th Cir. 2001). Hearsay is inadmissible in summary judgment proceedings to the same extent it is inadmissible at trial. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). However, affidavits and depositions which are not generally admissible at trial, are admissible in summary judgment proceedings to establish the truth of what is attested or deposed, provided that the affiant's or deponent's testimony would be admissible if he were testifying live. *Id.* There is no similar exception for "newspaper or magazine articles which, not being attested are considered less reliable than affidavits or depositions," but courts have allowed unattested documents to be used in opposition to summary judgment, "provided some showing is made (or it is obvious) that they can be replaced by proper evidence at trial." *Id.*

### iii.  The Gussin Affidavit Is Admissible Under Rules 56(e) and 802 for Purposes of the Summary Judgment Motion

The Trustee's Exhibit A consists of the affidavit of Mark A. Gussin (the "Gussin Affidavit") and four additional documents attached as exhibits to the Affidavit. Gussin is an attorney who represented Peter Flooring, Inc. in a breach of contract action against KJK. Exhibit No. 1 to the Gussin Affidavit is a copy of the state court order of default judgment against KJK in the *Peter Flooring* case. Exhibit No. 2 to the Gussin Affidavit is a copy of

-22-

notes taken by Gussin at a citation examination of KJK during supplementary proceedings

to collect the default judgment. Exhibit No. 3 is the state court order requiring KJK and the

KJK Shareholders to produce documents specified in the citations to discover assets. Exhibit

No. 4 is a motion for additional discovery, turnover orders, and attorney's fees made in the

*Peter Flooring* case. The Defendants argue that the Gussin Affidavit is hearsay, contains

allegations not based on personal knowledge, and the documents attached as exhibits to the

Affidavit were submitted without a proper foundation.

"[A] party opposing summary judgment need not do so with evidence that is in a

form that would make it admissible at trial." *Eisenstadt*, 113 F.3d at 743. The Trustee has

offered these exhibits to show that supplementary proceedings were pending against the KJK

Shareholders at the time of the KJK Bankruptcy Case. In that action, it was alleged that the

KJK Shareholders had used corporate funds to pay personal expenses. The Gussin Affidavit

is offered to challenge the credibility of allegations made in the Rieger Affidavit and

demonstrate that the KJK Shareholders did not produce materials as directed by state court

orders in the *Peter Flooring* case. Although the Gussin Affidavit itself may not be

admissible into evidence, these facts may be admissible if offered as testimony at trial or

"replaced by proper evidence at trial." *Id.* at 742. Furthermore, the Court can take judicial

notice of the state court orders and motions. *See Palay v. United States*, 349 F.3d 418, 425

n. 5 (7th Cir. 2003) (stating that in resolving a motion to dismiss, a court can take judicial

notice of matters of public record); *Opoka v. Immigration & Naturalization Serv.*, 94 F.3d

392, 394 (7th Cir. 1996) (holding that the decision of another court is "a proper subject of

judicial notice"). Therefore, the Gussin Affidavit and attached exhibits may be considered

-23-

in the context of this summary judgment motion and do not fail for lack of personal

knowledge or as inadmissible hearsay.

      **iv.**        **The Trustee's Exhibits Do Not Lack Proper
Foundation and Are Authentic for Purposes
of the Summary Judgment Motion**

The Trustee's Exhibits M, O, P, and Q consist of portions of schedules and petitions

submitted in the KJK Bankruptcy Case and the Rieger Bankruptcy Case.  The Defendants

argue that the schedules and petitions lack a proper foundation because the Trustee has not

requested that the Court take judicial notice of these documents.  This Court's own records

are the proper subject of judicial notice.  *See Frierdich v. Mottaz*, 294 F.3d 864, 870 (7th Cir.

2002) (noting that the bankruptcy judge did not err by taking judicial notice of the schedules

filed in the bankruptcy case); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d

1074, 1081 (7th Cir. 1997) (stating that the court can take judicial notice of the contents of

court records).  The Defendants cite to *Kenosha Auto Transport Corp. v. Lowe Seed Co.*, 362

F.2d 765 (7th Cir. 1966), for the proposition that in the absence of a request to take judicial

notice of its own records, a court has no obligation to do so.  That case, however, did not set

forth any specific requirements for making such a request.  The Court finds that the

submission of these documents as exhibits was sufficient to call them to the Court's

attention, and the Court will therefore take judicial notice of these document for purposes of

this motion.

-24-

Finally, the Defendants argue that the Trustee's remaining exhibits (B, D, E, F, G, H, I, J, K, L, N) are in violation of both Local Rule 7056-2 and Rule 56(e).[7] Exhibit B consists of copies of KJK's 2001-2003 tax returns. Exhibit D is a copy of a construction loan agreement between KJK and "The PrivateBank and Trust Company" (the "PrivateBank") signed by the KJK Shareholders. Exhibit E is a copy of a 2002 letter from Chan printed on KJK letterhead and addressed to the Suburban Bank & Trust Co. Exhibit G consists of copies of two checks from KJK's account at the PrivateBank signed by Diane Rieger. Exhibits I, J, and K are copies of portions of mortgage documents containing the initials of the Defendants that were allegedly executed in connection with the refinancing of the Galena Property. Exhibit L is a copy of minutes from the 2005 annual meeting of the board of directors of KJK signed by Kent Rieger as "President" and Chan as "Secretary of the Meeting." The Defendants object to the consideration of these documents on the grounds that they lack foundation and have not been authenticated.

"In the absence of authentication, courts will consider, in the context of a summary judgment motion, certain business documents that give 'a prima facie aura of reliability.'" *Am. Pfauter*, 796 F. Supp. at 350 (*quoting McLaury v. Duff & Phelps, Inc.*, 691 F. Supp. 1090, 1096 n.2 (N.D. Ill. 1988)). The Court concludes that these documents impart "a prima facie aura of reliability" and, along with the Gussin Affidavit, create a genuine issue of material fact regarding KJK's role in the purchase and subsequent transfers of the Galena Property.

---

[7] The Defendants do not object in their pleadings to the Trustee's Exhibit C. Therefore, the Court will not address the admissibility of that exhibit.

-25-

Exhibits F and H are copies of letters written by Jon Dowat, an attorney representing

the Defendants in the Rieger Bankruptcy Case and the KJK Bankruptcy Case, to the Trustee

regarding Dowat's efforts to collect records from KJK related to the Galena Property. The

Court finds that the facts alleged through the submission of these exhibits may be introduced

in admissible form at trial through live testimony or replaced by proper evidence that has

been requested by the Trustee.

Exhibit N is a copy of a case information summary in the *Peter Flooring* case from

the Clerk of the Circuit Court of Cook County's website. The Court may take judicial notice

of this public record. *See Palay*, 349 F.3d at 425 n.5. Therefore, the Court finds that the

Trustee's remaining exhibits are not in violation of Local Rule 7056-2 or Rule 56(e) and will

be considered for the purposes of this motion.

> **b.    The Defendants Are Not Entitled to Summary Judgment on the KJK Complaint**

According to the Trustee, there are questions of fact as to whether KJK had an

interest in the Galena Property and whether funds from any refinancing of the Property

belonged to KJK. The Trustee has presented more than a mere scintilla of evidence in

support of this position. *See Anderson*, 477 U.S. at 252. The Trustee further argues that he

has not been able to properly respond to the allegations in the Defendants' summary

judgment motion concerning the ownership of the Galena Property because there has been

no answer and no discovery in this proceeding. In view of the fact that the Defendants have

yet to file an answer or opposition of a substantive nature addressing the Trustee's

allegations, the Court cannot determine that there are no genuine issues of fact regarding the

-26-

ownership of the Galena Property and whether any fraudulent transfers occurred pursuant to

11 U.S.C. § 544 and 740 ILL. COMP. STAT. 160/1 *et seq.* Considering the incomplete record

and drawing all inferences in the Trustee's favor, the Court concludes that the Trustee may

be able to prove that KJK was the owner of the Galena Property and that it transferred the

Property to the KJK Shareholders for less than a reasonably equivalent value. Issues of fact

remain as to whether any transfers occurred, when the transfers took place, when the

transfers could have been "reasonably discovered," and whether the circumstances require

tolling the statute of limitations under 11 U.S.C. § 108. Therefore, the Court denies the

Defendants' motion for summary judgment under Counts I and III of the KJK Complaint.

Because material issues of fact exist regarding whether KJK owned or transferred the

Galena Property, a determination of whether the Trustee is entitled to turnover of the value

of any alleged transfers pursuant to 11 U.S.C. § 550 is also premature at this stage of the

proceedings. Hence, there is a genuine issue of material fact that precludes entry of judgment

on Counts II, IV, and V. Accordingly, the Court denies the Defendants' motion for summary

judgment under Counts II, IV, and V of the KJK Complaint.

Count VI of the KJK Complaint alleges that the KJK Shareholders breached

fiduciary duties to KJK and its creditors pursuant to state corporate law in connection with

the alleged transfers of the Galena Property. Specifically, the Trustee has alleged that the

KJK Shareholders, rather than KJK, received proceeds from the refinancing transactions in

2003 and 2005. In moving for summary judgment on Count VI, the Defendants contend that

funds from the refinancing transactions were deposited into bank accounts owned by KJK.

In support of this argument, the Defendants have submitted only portions of bank records

-27-

showing that funds were deposited into KJK's account at the PrivateBank in 2003 and 2005, and Kent Rieger's testimony that these funds represented the proceeds of the refinancing transactions. (Rieger Affidavit ¶¶ 14-19, Defendants' Ex. D.)  The Defendants have not provided complete financial records of KJK, and this evidence alone does not conclusively establish that these funds were refinancing proceeds paid to KJK.  Thus, issues of fact remain as to the disposition of funds from the refinancing transactions of the Galena Property.

Furthermore, Count VI not only seeks damages against the KJK Shareholders in connection with the refinancing transactions, but also seeks damages for "other transactions wherein they breached their fiduciary duties to [KJK] and its creditors." (Compl. ¶ 76.) Whether the KJK Shareholders breached any duties will depend, at least in part, on whether KJK owned any interest in the Galena Property.  As demonstrated above, the evidence with respect to this issue is conflicting.  The Defendants also argue that the claim for breach of fiduciary duty is barred by the five year statute of limitations under Illinois law.  This issue is also dependent on conflicting evidence regarding when the alleged breach of fiduciary duties took place.  The Defendants have not demonstrated that they are entitled to judgment as a matter of law with respect to Count VI of the KJK Complaint.  Accordingly, the Court denies the Defendants' motion for summary judgment under Count VI.

The Defendants have also requested partial summary judgment as to any claims or issues in Counts I-VI deemed appropriate under Rule 56(d).  For the reasons discussed above, the Court finds that partial summary judgment on these Counts is inappropriate at this stage of the proceedings.  The Defendants shall file an answer to the KJK Complaint by or before September 30, 2009.

-28-

### 2.    The Rieger Complaint

Contemporaneous with the filing of the KJK Complaint, the Trustee filed a complaint in the Rieger Bankruptcy Case. The Rieger Complaint objects to the dischargeabilty of the same debts alleged in the KJK Complaint under 11 U.S.C. § 523(a)(4) and (a)(6) based on the actions of Kent Rieger. For the same reasons the Court addressed in denying summary judgment on Counts I-VI of the KJK Complaint, the Court finds that there are material issues of fact that preclude a determination of whether the debts are non-dischargeable under § 523(a)(4) and (a)(6) and whether the Trustee's claims are untimely under 11 U.S.C. § 523(c) and Bankruptcy Rule 4007. These issues are dependent on the Court's determination of conflicting factual issues regarding the ownership and alleged transfers of the Galena Property. Therefore, the Court denies the Defendant's motion for summary judgment on Counts I and II of the Rieger Complaint. The Defendant shall file an answer to the Rieger Complaint by or before September 30, 2009.


### V.  CONCLUSION

For the foregoing reasons, the Court denies the Defendants' motions for summary judgment under Counts I-VI of the KJK Complaint and Counts I and II of the Rieger Complaint. The Court denies the Trustee's motions to strike the Defendants' motions for summary judgment. The Defendants shall file answers to the complaints by or before September 30, 2009. A status hearing in these adversary proceedings is set for October 9, 2009 at 10:00 a.m.

-29-

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.


**ENTERED:**


DATE: ___4/10/9___          _____
                           John H. Squires
                           United States Bankruptcy Judge


cc:     See attached Service List

## SERVICE LIST

### David E. Grochocinski, Trustee v. Kyle Rieger, Melissa Rieger, Kent Rieger, Diane Rieger, Stephanie Chan, and Kent D. Rieger, as Trustee of the Galena Family Trust Dated November 11, 2005
### Adversary No. 09 A 00105

David E. Grochocinski, Esq.
Grochocinski Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

Kathleen M. McGuire, Esq.
Grochocinski Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

Richard L. Hirsh, Esq.
Richard L. Hirsh & Associates PC
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532-2135